**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMAL A. SAEED,

      Plaintiff,                                  CASE NO. 09-13270
      v.                                         HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER OF THE COURT ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Jamal Saeed brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq. Plaintiff filed his claims on January 25, 2006, alleging disability due to discogenic and degenerative disorders since May 15, 2006. After Plaintiff's claim was denied, he requested a hearing. Administrative Law Judge Ethel Revels ("ALJ") presided over the November 12, 2008, hearing. Plaintiff and a vocational expert testified. In a decision dated December 23, 2008, the ALJ denied benefits.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 6, 2009. Plaintiff timely filed this action for judicial review of the Commissioner's decision. The case was referred to Magistrate Judge Charles E. Binder pursuant to 28

U.S.C. § 636. The parties filed cross-motions for summary judgment. In his Report and Recommendation (R&R), Magistrate Judge Binder recommended that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed objections to the R & R. For the reasons stated below, the Court adopts the Magistrate Judge's recommendation and denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1). Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence, and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993). A decision that is supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545. When the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may not review the evidence *de novo*, make determinations of credibility or weigh the evidence. Brainard, 889 F.2d at 681. Credibility determinations by the ALJ should be accorded deference by the reviewing court. Mullen, 800 F.2d at 545 (internal quotation omitted).

### III. ANALYSIS

To establish a compensable disability under the Social Security Act, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382(a)(3)(A). The claimant bears the ultimate burden of establishing a disability within the meaning of the Social Security Act. Casey, 987 F.2d at 1233.

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994).

The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. If the claimant is so engaged, he is not disabled under the guidelines. The second step examines whether the claimant has a severe impairment which significantly limits his ability to perform work-related functions. Id. If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. § 404, Subpt. P, to determine if, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. If claimant cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable him to perform other work in the national economy. Id.

Here, Plaintiff objects to the ALJ's conclusion that given Saeed's age, education, work experience, and residual functional capacity, Plaintiff could perform a significant number of jobs existing in the national economy. The vocational expert testified that Plaintiff could work as a bench assembler, inspector, checker or sorter, and that those jobs allowed for a sit/stand option. Saeed challenges the ALJ's evaluation of the medical opinion offered by Plaintiff's treating physician, Dr. Lerner. Specifically, he asserts that the ALJ disregarded substantial evidence offered by Dr. Lerner, concerning Plaintiff's limitations and complaints, and instead credited the medical opinions of nontreating physicians. In addition, Plaintiff contends that the ALJ's improperly discounted Plaintiff's credibility. The merits of the objections are discussed below.

### A. Treating physician's opinion

Plaintiff challenges the ALJ's assessment of the opinion of Dr. Lerner relative to Plaintiff's limitations. According to Saeed, the ALJ's reliance on the medical opinions of Drs. DeSantis and Rotter in concluding there is substantial evidence in the record to deny Plaintiff benefits is misplaced. Those doctors saw Plaintiff at the initial stages of Plaintiff's disability in contrast to Dr. Lerner, who had a longitudinal view of Plaintiff's medical condition. Moreover, Plaintiff also challenges the ALJ's failure to articulate what weight, if any, she accorded their opinions relative to all of the factors identified in 20 C.F.R. § 416.927(d). The Court finds this objection lacks merit. Because the ALJ did not characterize either DeSantis or Rotter as a treating physician, there was no requirement to discuss § 416.927(d).

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. See See SSR 96-2p; Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004); Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Accordingly, the medical opinions and diagnoses of treating physicians are given substantial deference, and if such opinions and diagnoses are uncontradicted, complete deference is appropriate. See King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Deference is not the standard, however, unless the particular opinion "is based upon sufficient medical data." Miller v. Sec'y of HHS, 1991 WL 229979 at *2 (6th Cir., Nov.7, 1991) (citing Shavers v. Sec'y of HHS, 839 F.2d 232, 235 n. 1 (6th Cir.1987)). Consequently, an ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a

conclusion, or is contradicted by substantial medical evidence. See Cohen v. Sec'y of HHS, 964 F.2d 524, 528 (6th Cir. 1992).

In this case, Saeed maintains the ALJ did not defer to the opinion of Plaintiff's treating physician, but instead deferred to the opinions of the nontreating physicians. The Court rejects this characterization. Here, the ALJ, acknowledged Dr. Lerner's status as a treating physician. The ALJ assessed the medical opinion in light of the length, frequency, nature, and extent of the treatment relationship, and also assessed the supportability and consistency of the Dr. Lerner's conclusions. See 20 C.F.R. § 416.927(d); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007).

For the most part, the ALJ adopted the limitations articulated by Dr. Lerner in conjunction with Saeed's workers compensation claim. Specifically, the ALJ concluded that Plaintiff must avoid lifting greater than five pounds, avoid excessive bending, twisting, turning, and avoid prolonged sitting, standing and walking, and included this limitations in his question to the vocational expert. See Tr. at 23, 424-426. The ALJ expressly rejected Dr. Lerner's opinion to the extent that Dr. Lerner stated that Plaintiff had to lie down at times during the day. Tr. at 23. The ALJ noted that "[t]here was no evidence to support the conclusion regarding the need to lie down. Claimant states he watches television, reads and sometimes drive[s]." Id. The genesis of this limitation is unclear. It was unaccompanied by any objective medical assessment, and inconsistent with Plaintiff's own testimony. Thus, the ALJ provided "good reasons" for discounting the opinion. See Rogers, 486 F.3d at 242 (quoting SSR 96-2p).

6

### B. Credibility determination

Plaintiff asserts that the ALJ erred in discounting his credibility relative to "the intensity, persistence and limiting effects" of his symptoms. Tr. at 22. This Circuit is clear that credibility determinations require that the ALJ do more than make a single, conclusory statement regarding an individual's credibility. See Rogers v. Comm'r of Soc. Sec., 486 F.3d 234 (6th Cir. 2007) (noting that credibility determination must be reasonable and supported by substantial evidence). That is not what happened here.

The ALJ noted that the testimony was inconsistent with the residual functional capacity assessment. Further, other therapists and physicians believed Plaintiff suffered impairments best treated through physical therapy. See Tr. 172, 179-80, 383. Saeed's physical therapist noted that Plaintiff displayed "over reactive pain." Tr. at 149. Also, Plaintiff failed to complete the recommended course of physical therapy.

The ALJ properly considered the entire record, including that which detracts from Saeed's argument, in assessing his credibility. The ALJ relied on the fact that despite Plaintiff's testimony that his condition was disabling, he did not comply with treatment. During the same time, he did engage in daily activities including watching television, caring for his four young children, helping them with homework, and driving them to school. According there is ample evidence in the record to support the ALJ's conclusion that Plaintiff's credibility was impinged.

## V. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        HON. MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATE: August 24, 2010

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to counsel of record on this date by e-filing and/or ordinary mail.

                                        s/Bernadette M. Thebolt
                                        Case Manager